IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-01623-PAB

ANDREW KONEMAN and
CATHERINE DEAN,

    Plaintiffs,

v.

AMERICAN STRATEGIC INSURANCE CORP.,

    Defendant.

---

## ORDER TO SHOW CAUSE

---

The Court takes up this matter *sua sponte* on defendant's notice of removal [Docket No. 1]. Defendant states that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332. Docket No. 1 at 1, ¶ 2.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the

requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Defendant asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Docket No. 1 at 1, ¶ 2. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The facts presently averred are insufficient to establish the parties' citizenship.

The notice of removal states that Andrew Koneman and Catherine Dean "allege[] that they are Colorado residents." Docket No. 1 at 2, ¶ 5 (citing Docket No. 1-1 at 2, ¶ 1). However, domicile, not residency or mailing address, is determinative of citizenship. *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."); *see also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." (citations omitted)). Thus, for

2

purposes of diversity jurisdiction, plaintiffs' assertion that they reside in Colorado is not relevant.

With respect to defendant's citizenship, the notice of removal states that a filing with the "Colorado Secretary of State confirms that Defendant [] is a Florida corporation with its principal office street address in St. Petersburg, Florida" and that a filing with the "Colorado Division of Insurance shows Defendant is a Florida Corporation with its mailing address in St. Petersburg, Florida." Docket No. 1 at 2, ¶ 7 (citing Docket Nos. 1-2, 1-3). For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990). A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A corporation's principal place of business is not necessarily the same as its corporate address or even its headquarters. *Id*. at 93. While potentially relevant, the filings defendant provides indicating defendant's principal office and mailing address do not indicate or establish that defendant's corporate activities are directed from either of the two different Florida addresses listed on the filings. *See Prather v. Williams Prod. RMT Co.*, No. 10-cv-02131-CMA-BNB, 2010 WL 5175103, at *3 (D. Colo. Dec. 1, 2010) (finding a corporation's principal place of business was in Oklahoma even though its corporate headquarters was located in Colorado).

Because defendant's allegations are presently insufficient to allow the Court to

determine the parties' citizenship or whether the Court has jurisdiction, *see United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction.") (citations and internal quotation marks omitted), it is

**ORDERED** that, on or before **5:00 p.m.** on **July 24, 2018**, defendant shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED July 11, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

4